IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ESTATE OF WILLIAM PLOTT, | : | Case No. 1:21-cv-66 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES and WILCAC LIFE INSURANCE COMPANY f/k/a CONTINENTAL ASSURANCE COMPANY, | : | |
| Defendants. | : | |

**ORDER GRANTING DEFENDANT HHS' MOTION TO DISMISS (Doc. 9) and DENYING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY (Doc. 20)**

This case involves a vaccine gone horribly wrong. In 1990, six-month-old William Plott had an adverse reaction to a vaccine that left him permanently disabled. His parents sued on his behalf, culminating in a settlement agreement whereunder the U.S. Department of Health and Human Services (HHS) executed an annuity contract with WILCAC Life Insurance (WILCAC) for the benefit of William. Payments from the annuity were to be made annually on William's birthday (August 17th). And from 1997 to 2018, they were. But William sadly passed away on June 30, 2019. His estate is now suing HHS and WILCAC, seeking a pro-rated payment for William's last (roughly) 317 days of life.

Each Defendant filed a separate motion to dismiss on March 5, 2021. (*See* Docs.

9, 10.) At Defendant WILCAC's request—and over Plaintiffs' objections—the Court scheduled oral arguments on the motions for September 23, 2021. (*See* Notation Order, 6/25/2021.) Both motions to dismiss are therefore still pending. Now before the Court, however, is Defendants' Joint Motion to Stay Discovery (Doc. 20) until after the two pending motions to dismiss have been decided. Plaintiff opposes the request. (*See* Resp. in Op., Doc. 21.)

As an initial matter, HHS seeks to be dismissed from this case under Fed. R. Civ. P. 12(b)(1) arguing that, as to Plaintiff's claims against it, the Court lacks subject matter jurisdiction. (*See* HHS' Motion to Dismiss, Doc. 9.) Plaintiff does not oppose HHS's motion. (Resp. in Op., Doc. 11.) Accordingly, HHS' motion to dismiss (Doc. 9) is hereby **GRANTED** and HHS is **DISMISSED** from this case without prejudice. Moreover, so far as HSS still seeks a stay of discovery, that request is **DENIED AS MOOT** since HHS is no longer a party to this lawsuit.

That leaves Defendant WILCAC's request for a stay of discovery. (*See* Motion for Stay, Doc. 20.) "District courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citations omitted). "The Federal Rules of Civil Procedure permit a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *1-2 (S.D. Ohio Oct. 10, 2018) (cleaned up) (quoting Fed. R. Civ. P. 26(c)). In assessing whether such a stay is appropriate, district courts must "weigh the burden of proceeding with discovery upon

2

the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Id.*

However, "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Id.* (citations omitted). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . ." *Id.* (quoting *Williams v. New Day Farms, LLC*, No. 2:10-CV-0394, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010)). Our sister courts have therefore routinely held that "a stay will not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion unless that motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed." *Id.*; *see also, e.g., Williams*, 2010 WL 3522397, at *1; *Jackson v. Hamilton Cty., Ohio*, No. 1:08CV203, 2008 WL 11452582, at *1 (S.D. Ohio Nov. 25, 2008); *Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008).

Applying the above principles here, the Court finds that Defendant WILCAC has failed to show good cause justifying a stay of discovery. In short, WILCAC argues that "it would be a waste of time and resources to engage in any discovery before [its Rule 12(b)(6) motion to dismiss is] decided." (Motion for Stay, Doc. 20, Pg. ID # 277.) But as discussed above, the existence of a "garden-variety Rule 12(b)(6) motion" is generally insufficient to justify a stay of discovery. *Ray*, 2018 WL 4907080, at *1-2. WILCAC's

3

motion to dismiss does not raise issues that "would be substantially vitiated absent a stay," nor is it "patent that th[is] case lacks merit and will almost certainly be dismissed," *id.*, nor does WILCAC even argue that it is. If the Court thought that this case was almost certain to be dismissed, it would not have scheduled oral arguments.

Moreover, the Court must also "take into account any societal interests which are implicated by either proceeding or postponing discovery." *Ohio Bell*, 2008 WL 641252, at *1 (citations omitted). Rule 1 of the Federal Rules of Civil Procedure states that "[t]hese rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Indeed, engaging in discovery will certainly cost Defendant WILCAC time, resources, and money. But the same could be said of nearly every civil defendant who has been sued. And the slight burden of proceeding with initial discovery is far outweighed by the hardship an undue delay would impose on William Plott's family.

Accordingly, Defendant WILCAC's Motion to Stay Discovery (Doc. 20) is hereby **DENIED**.

    **IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND