IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| ESTATE OF WILLIAM PLOTT, | : | Case No. 1:21-cv-66 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| WILCAC LIFE INSURANCE COMPANY f/k/a CONTINENTAL ASSURANCE COMPANY, | : : : | |
| | : | |
| Defendant. | : : : | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (Doc. 10)

This matter is before the Court on the Motion to Dismiss filed by Defendant Wilcac Life Insurance Company f/k/a Continental Assurance Company ("Wilcac"). (Doc. 10.) Wilcac seeks dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. (*Id.*) Plaintiff filed a response in opposition (Doc. 12), to which Wilcac filed a reply (Doc. 13). Additionally, the Court has heard oral argument on this Motion. (Notation Order, 5/25/21.) Thus, the matter is ripe for review. For the reasons that follow, the Court **DENIES** Wilcac's Motion to Dismiss.

## FACTS

When William Plott was just six months old, he had an adverse reaction to a vaccine that left him permanently disabled. (Complaint, Doc. 2, ¶¶ 7-8.) His parents sued on his behalf, and the lawsuit ultimately settled. (*Id.* at ¶¶ 9-10.) The settlement resolving the litigation included both a lump sum component and annual payments from a government purchased and owned annuity. (*Id.* at ¶ 10.) To fund the settlement, the National Vaccine Injury Compensation Program and the Department of Health and Humans Services ("HHS") purchased an annuity contract (the "Annuity") from Wilcac's predecessor. (*Id.* at ¶¶ 10-11.) Payments were to begin on August 17, 1997 and were to then be made annually thereafter. (*Id.* at ¶ 11).

According to Plaintiff, Wilcac made the payments as required under the Annuity beginning on August 17, 1997 through August 17, 2018. (*Id.* at ¶ 15.) On June 30, 2019, William sadly passed away. (*Id.* at ¶ 16.) Thereafter, Wilcac refused to make any further payments under the Annuity, even the pro rata share of benefits for the period from August 17, 2018 to June 30, 2019, despite Plaintiff's demand. (*Id.* at ¶ 18.)

Plaintiff filed this lawsuit in Hamilton County Court of Common Pleas on December 23, 2020, naming both Wilcac and HHS as defendants. (*See id.*) The Complaint asserts a single count for breach of contract, contending that Wilcac and HHS breached the Annuity by failing to pay the pro-rata share of the Annuity between August 17, 2018 and William's date of death on June 30, 2019. (*Id.* at ¶ 25.)

In support of its claim of breach, Plaintiff specifically identifies Part 1.2, Sections 14, 15, 28, 29, 32, 34, and 35, which provide the payment of certain identified benefits for

"a period equal to the life of William Plott." (*Id.* at ¶ 24; *see also id.* at Pg ID. 79-80, 82.)

Defendants removed the action to this Court in January 2021. (Doc. 1.) Both HHS and Wilcac filed Motions to Dismiss. (*See* Docs. 9, 10.) Plaintiff did not oppose HHS's Motion to Dismiss, which the Court granted on September 10, 2021. (*See* Docs. 11, 24.)

## LAW

Wilcac moves to dismiss under Rule 12(b)(6). Federal Rule of Civil Procedure 12(b)(6) allows, upon motion, the dismissal of a complaint "for failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion to dismiss tests the plaintiffs' cause of action as stated in the complaint. *Golden v. City of Columbus*, 404 F.3d 950, 958–59 (6th Cir. 2005). While the Court accepts the complaint's factual allegations as true, it is not bound to do the same for a complaint's legal conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, surviving a motion to dismiss is a matter of pleading sufficient factual content. *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009)).

## ANALYSIS

Wilcac makes two primary arguments in support of its Motion to Dismiss. First, it contends that the Court lacks jurisdiction over the claims as pled, although Wilcac does not move under Rule 12(b)(2) and appears to concede that it lacks standing to raise this argument. Second, Wilcac argues that the Complaint fails to state a cause of action against it. Each argument will be discussed in turn below.

I. **This Court has Jurisdiction Over the Claims As Pled.**

Here, as a threshold issue, the Court addresses Wilcac's contention that this Court

lacks jurisdiction over this case because exclusive jurisdiction lies with the Court of Federal Claims. The United States Court of Federal Claims has exclusive jurisdiction over all claims, not sounding in tort, brought against the United States in excess of $10,000. *See Veda, Inc. v. U.S. Dep't of the Air Force*, 111 F.3d 37, 39 (6th Cir. 1997); 28 U.S.C. §§ 1346 & 1491. "If the prime objective of the complaining party is simply to obtain money from the federal government, the case belongs in the Court of Federal Claims." *Sosa v. Sec'y, Dep't of Def.*, 47 F. App'x 350, 351 (6th Cir. 2002) (citing *Veda*, 111 F.3d at 39).

Plaintiff now brings a breach of contract claim against Wilcac, not the United States.[1] Plaintiff specifically alleges that Wilcac has breached its obligations under the Annuity—not that the United States has. (Compl., Doc. 2, at ¶ 26) ("Defendant Wilcac Life Insurance has failed and refused to pay the Annuity proceeds . . . "). And Plaintiff seeks compensation owed under the Annuity—which Plaintiff claims Wilcac is obligated to pay, not the United States. (*See id.* at ¶ 27.) Accordingly, Plaintiff's claims are alleged against Wilcac, not the United States, and so this Court has jurisdiction over the claim as pled.

II.     **Plaintiff Has Stated a Claim for Relief.**

Wilcac also argues that Plaintiff's Complaint fails to state a claim for relief against it because it satisfied its obligations under the Annuity as a matter of law. Wilcac contends that its duty to pay was triggered by William's birthday, and because he passed away before his birthday in 2019, Wilcac had no obligation to pay out any benefits to

---

[1] Indeed, HHS has already been dismissed by the Court, without objection by Plaintiff. (*See* Doc. 24.)

4

Plaintiff. Plaintiff, on the other hand, identifies the specific provisions within the Annuity that it claims entitles it to payment through the time of William's death. Specifically, Plaintiff points the Court only to the provisions that provide for payment "for the period equal to the life of William Plott" as supporting its claim. (Compl., Doc. 2, at ¶ 24; *see also id.* at Pg ID. 79-80, 82.)

The question of whether there was a breach seems to turn on the meaning of "for the period equal to the life of William Plott" and whether Wilcac's obligation to pay is triggered solely by William being alive on his birthday. Plaintiff contends the cited language means they are entitled to the pro-rata share of the annual payments—that is, payment for the time William was alive. Wilcac argues its obligations occurred only on William's birthday and only if he were alive.

Thus, the parties here offer two competing interpretations of the language used in the Annuity. "Contract language is ambiguous if it is subject to two reasonable interpretations." *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996).[2] Here, as made clear in the parties' briefing, each of these interpretations is reasonable. As such, the Court cannot find that Plaintiff's claim is without merit on the pleadings. *See In re Nat'l Century Fin. Enters., Inc., Inv. Litig.*, No. 2:03-MD-1565, 2006 WL 2849784, at *7 (S.D. Ohio Oct. 3, 2006) ("The Court, though, will not resolve a conflict in contract interpretation on a motion to dismiss."); *DeNune v. Consol. Capital of N. Am., Inc.*, No. 3:02CV7241, 2004 WL 1474653, at *2 (N.D. Ohio May 21, 2004)

---

[2] The parties do not analyze which state's law applies to interpretation of the contract. However, both appear to presume Ohio law applies, based on the citations in their briefs. Accordingly, at this stage, the Court will apply Ohio law.

("Contract interpretation is inappropriate for a motion to dismiss."). *See also Perry v. Allstate Indem. Co.*, 953 F.3d 417, 432 (6th Cir. 2020) (Readler, J. concurring in part and dissenting in part) ("While it may be the majority view, we cannot say at this threshold stage, as did the district court, that [Defendant's] view is the only potentially reasonable interpretation of the policy language. True, as [Defendant] notes, one court's aberrant decision cannot unsettle the meaning of well-defined legal terms. But that is not what we have here. Both [Defendant] and [Plaintiff's] views have ample support. All things considered, including the somewhat detailed discussion necessary to explain these competing views, we find that, at this stage, both views are reasonable. Under Ohio law, [Plaintiff's] claim therefore survives [Defendant's] Rule 12(b)(6) motion.").

Wilcac attempts to avoid this conclusion by arguing that (1) Wilcac performed as it did at HHS's instruction, so Plaintiff should assert any claim against HHS; (2) Plaintiffs' real issue is with the settlement value; and (3) Plaintiff cannot state a claim for future payments. None of these arguments merit dismissal of Plaintiffs' claim at this stage of the litigation.

First, Wilcac's defense that it was simply following HHS's instructions goes beyond the pleadings, and thus is an unavailing argument at the Motion to Dismiss stage. Moreover, even if those factual allegations were true, that does not necessarily negate Plaintiff's claim—it simply gives Wilcac a basis for an indemnification claim against HHS.

Second, Wilcac's argument that Plaintiff's "real issue" is with the settlement value simply reframes the issue to its benefit. While that might be how Wilcac sees it, that is not how Plaintiff chose to plead its claims. Instead, it pleaded its claim as a breach of

contract against Wilcac. Whether Plaintiff in fact seeks more than it was entitled to under the Judgment (which is not properly before the Court because it was not attached to the pleadings) goes to the merits—not whether Plaintiff has stated a claim.

Finally, Wilcac's argument that Plaintiff is seeking future payments seems to fail, as Plaintiff has pled that it seeks the pro-rata share of the yearly payment—only for the period during which William was alive. This does not appear to be a future payment. Moreover, adjudication of this question goes to the merits—which is beyond the scope of a 12(b)(6) motion.

Thus, Wilcac's arguments do not detract from the analysis above, and the Motion to Dismiss it not well-taken.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant Wilcac's Motion to Dismiss (Doc. 10) be, and is hereby, **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND