IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| The Estate of William Plott, | : |
| *Plaintiff*, | : Case No. 1:21-cv-66 |
| vs. | : Judge Jeffery P. Hopkins |
| Department of Health and Human Services, *et al.*, | : |
| *Defendants*. | : |

**OPINION & ORDER**

This case is before the Court on Plaintiff's Motion to Dismiss the Counterclaim of Defendant Wilcac Life Insurance Company ("Wilcac Life") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Doc. 37. Wilcac Life opposes the Motion (Doc. 38), and Plaintiff has filed a reply in support. Doc. 39. For the reasons set forth herein, the Motion (Doc. 37) is **DENIED.**

I.     **BACKGROUND**

Plaintiff, the Estate of William Plott, initiated this action against Wilcac Life in the Hamilton County Court of Common Pleas to recover money allegedly owed under an annuity contract purchased by the United States Department of Health and Human Services ("HHS") from Wilcac Life to provide benefits to William Plott arising out of disabilities incurred because of a vaccination he received. Doc. 1-1. With the consent of HHS, Wilcac Life removed the case to this Court based on diversity of citizenship.

On September 10, 2021, Judge Matthew McFarland, to whom this case was then assigned, granted HHS's unopposed Motion to Dismiss for lack of jurisdiction under Fed. R.

Civ. P. 12(b)(1). Doc. 24. On March 3, 2022, Judge McFarland denied Wilcac Life's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim. (Doc. 30). On March 18, 2022, Wilcac Life answered the Complaint and included a counterclaim against Plaintiff for unjust enrichment. (Doc. 34). Plaintiff's instant Motion to Dismiss the counterclaim followed.

## II. STANDARD OF REVIEW

A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000).

## III. LAW & ANALYSIS

Because the Court's subject matter jurisdiction is grounded in the diverse citizenship of the parties, Ohio law governs. 28 U.S.C. § 1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). In applying state law,

the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008); *Ray Indus., Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs., Ltd.*, 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.; In re Akron-Cleveland Auto Rental, Inc.*, 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co.*, 770 F.2d 601 (6th Cir. 1985); *Angelotta v. Am. Broad. Corp.*, 820 F.2d 806 (6th Cir. 1987). The available data to be considered if the highest court has not spoken include relevant dicta from the state supreme court, decisional law of appellate courts, restatements of law, law review commentaries, and the "majority rule" among other States. *Bailey*, 770 F.2d at 604.

Wilcac Life's Counterclaim alleges that as a result of the settlement of an underlying lawsuit, HHS was obliged to purchase an annuity to provide a payment on the seventeenth of August during the life of William Plott for expected expenses for the coming year. It made those payments from the time the annuity was issued through August 17, 2018. Doc. 34, PageID 565 ¶ 47. The Counterclaim further alleges that the payment made on August 17, 2018 was to cover William's expected needs for the time period from August 18, 2019, through August 17, 2020.[1] *Id.* at ¶ 47. Unfortunately, young William Plott died in June of 2019. *Id.* at ¶ 48. Thus, according to Wilcac Life, "the Plotts owe WILCAC the funds that they received from the date of William's death [in June of 2019] back until August 19, 2018." *Id.* at ¶ 50. Wilcac Life labels this a claim for unjust enrichment. *Id.* at PageID 564.

---

[1] In its Memorandum in Opposition to the Motion to Dismiss, Wilcac pleads that the period for which it paid was August 17, 2018, to August 17, 2019. Doc. 38, PageID 779 ("WILCAC properly alleges it conferred a benefit upon Plaintiff when it made prospective Periodic Payments on August 17, 2018 to cover the anticipated needs for the time period from August 18, 2018 through August 17, 2019.") The Court assumes that the dates in the Counterclaim are correct, and that Wilcac is claiming it paid for fourteen months beyond William's death rather than two.

In seeking dismissal, Plaintiff asserts that a party to an express contract cannot recover in unjust enrichment but is limited to what the contract provides. Doc. 37, PageID 761 (citing *Ullmann v. May*, 147 Ohio St. 468, 72 (1947); *Deffren v. Johnson,* 2021-Ohio-817 (Ohio App. 1st Dist. Mar. 17, 2021)).

In opposing the Motion to Dismiss, Wilcac relies on *Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 641 (S.D. Ohio 2020). [2] In *Foster*, the court held that Ohio will allow an unjust enrichment claim "when a party retains money or benefits which in justice and equity belong to another." *Id.* at 641, citing *Dailey v. Craigmyle & Son Farms, L.L.C.*, 177 Ohio App. 3d 439 (4th Dist. 2008). Continuing, the court noted "[t]o state a claim for unjust enrichment, a plaintiff must allege: "(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment." *Id.*; *see also Bird v. Delacruz*, 411 F. Supp. 2d 891 (S.D. Ohio 2005) (citing *Andersons, Inc. v. Consol, Inc.*, 185 F. Supp. 2d 833, 837 (N.D. Ohio 2001); and *Hambleton v. R.G. Barry Corp.*, 12 Ohio St. 3d 179 (1984)).

Wilcac Life also argues that if the "claim for unjust enrichment is misnamed, WILCAC has nonetheless pled the elements required to plead restitution." (Doc. 38, PageID 780, n.1). In its Reply Memorandum, Plaintiff asserts a new claim cannot be made for the first time in opposing a motion to dismiss. (Doc. 39, PageID 784, n.1).

The Court is unpersuaded by Plaintiff's arguments. Wilcac Life's Counterclaim adequately states a claim under the *Iqbal* standard upon which relief can be granted regardless

---

[2] Wilcac's counsel cites *Foster* as being reported at 493 F. Supp. **2d** 622, a 2006 case from the Western District of New York.

of whether it is labeled "unjust enrichment" or "restitution."

### IV. CONCLUSION

Plaintiff's Motion to Dismiss the Counterclaim is **DENIED**.

**IT IS SO ORDERED.**

August 12, 2024

Jeffery P. Hopkins
United States District Judge