IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| THE ESTATE OF WILLIAM PLOTT, | : |
| *Plaintiff*, | : Case No. 1:21-cv-66 |
| vs. | : Judge Jeffery P. Hopkins |
| WILCAC LIFE INSURANCE COMPANY, f/k/a CONTINENTAL ASSURANCE COMPANY, | : |
| *Defendant / Third-Party Plaintiff*, | : |
| vs. | : |
| UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, | : |
| *Third-Party Defendant.* | : |

## OPINION & ORDER

This case is before the Court on Motion of the United States Department of Health and Human Services ("HHS") To Dismiss the Third-Party Complaint For Declaratory Judgment of Wilcac Life Insurance Company ("Wilcac"). Doc. 42. Wilcac opposes the Motion (Doc. 43) and HHS has filed a Reply Memorandum in Support. Doc. 44. The HHS Motion is brought under Fed.R.Civ.P. 12(b)(1) and asserts the Court lacks subject matter jurisdiction over claims against it.

This controversy arises from a claim asserted by Glenn and Cassandra Plott who are co-executors of the estate of their son William Plott (the "Co-Executors" or "Plotts"). The Plotts claim seeks additional payments to the son's estate in excess of $180,000 from Wilcac pursuant to an annuity contract issued by Wilcac's predecessor in interest in fulfillment of a

decision of the Office of Special Masters of the United States Court of Federal Claims arising out of injuries to their son William compensable under the National Vaccine Childhood Injury Act.  When William died, Wilcac ceased making payments under the annuity, which was intended to cover his medical expenses until his death.  Claiming that Wilcac owed payment back to the date of William's last birthday, the Plotts sued HHS and Wilcac.  HHS moved to dismiss the direct complaint for lack of subject matter jurisdiction.  Doc. 9.  The Plotts admitted that this was correct (Doc. 11) and the Court granted HHS's Motion to Dismiss. Doc. 24.

Having lost its own motion to dismiss, Wilcac filed a third-party complaint against HHS with its answer.  Doc. 34.  HHS asserts this Court has no more jurisdiction over a claim against it on a third-party complaint than it had directly.  HHS asserts that the sovereign immunity of the United States prevents the Court from proceeding further on Wilcac's third-party complaint without some waiver of that immunity—which the United States has not done.

In its response (Doc. 43), Wilcac does not dispute that this Court is without jurisdiction.[1]  Instead, it directs its response to claiming HHS is a necessary and indeed indispensable party to any case which requires construction of the annuity contract in suit.  In reply, HHS asserts the Court need not decide at this stage whether it is an indispensable party, but it also does not argue against that conclusion.

The doctrine of sovereign immunity bars federal courts from exercising jurisdiction over federal officers in their official capacities in the absence of a waiver of that immunity.

---

[1] Wilcac calls HHS's claim a lack of personal jurisdiction (Doc. No. 43, PageID 851).  However, the Motion to Dismiss is brought under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction, which is appropriate for a claim of sovereign immunity.

*Center for Bio-Ethical Reform, Inc., v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007). This immunity extends to federal agencies. *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed. 2d 308 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). A plaintiff must identify a waiver of sovereign immunity in order to proceed in a lawsuit against the United States. *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000), *citing Dalehite v. United States*, 346 U.S. 15, 30 (1953). Wilcac has cited no such waiver. Thus, this Court lacks subject matter jurisdiction over HHS, which is plainly an agency United States.

Further, because HHS is the owner of the annuity, and therefore a party to the annuity contract, it is a necessary and indispensable party to this lawsuit under Rule 19. *See Dollison v. Antero Res. Corp.*, 600 F. Supp. 3d 827, 835 (S.D. Ohio 2022) ("Under Rule 19(a)(1)(B), a party can be deemed 'necessary' to litigation if it is a party to an agreement in dispute.") (quoting *Spielman v. IMG Coll., LLC*, No. 2:17-CV-612, 2019 WL 13044154, at * 3 (S.D. Ohio Nov. 27, 2019)); *Clinton v. Babbitt*, 180 F.3d 1081, 1088 (9th Cir. 1999) ("[A] district court cannot adjudicate an attack on the terms of a negotiated agreement without jurisdiction over the parties to that agreement."); *Caribbean Telecommunications Ltd. v. Guyana Tel. & Tel. Co.*, 594 F. Supp. 2d 522, 532 (D.N.J. 2009) ("It is well established that 'a contracting party is the paradigm of an indispensable party' for contract claims.") (citations omitted). *See also In re Transfer of Structured Settlement Payment Rts. by M.Y.*, No. 21-CV-0521-CVE-SH, 2022 WL 3971043 (N.D. Okla. Aug. 31, 2022) (dismissing claims against both HHS and the issuer of an annuity contract because the court lacked subject matter jurisdiction over the claims against HHS, and HHS, as the owner of the annuity, was a necessary and indispensable party.)

Because HHS is an indispensable party to this controversy but has not consented to be sued in this Court, the proper course is to dismiss the entire case.

Accordingly, HHS's Motion to Dismiss Wilcac's third party complaint is **GRANTED** and the Clerk will enter judgment dismissing this case without prejudice to its refiling in the Court of Federal Claims. This renders all other pending motions (Doc. Nos. 45, 50, 53 and 55) **MOOT**.

    **IT IS SO ORDERED.**

September 24, 2024

Jeffery P. Hopkins
United States District Judge